**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000043
17-JAN-2012
09:21 AM**

NO. CAAP-10-0000043

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ORI ANUENUE HALE, INC. and OPPORTUNITIES
FOR THE RETARDED, INC., Applicants-Appellants, v.
KASAN CONSTRUCTION CORP., Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDINGS NO. 10-1-0213)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Applicants-Appellants ORI Anuenue Hale Inc. and
Opportunities for the Retarded, Inc. (collectively, **ORI**) appeal
from the Order Denying Applicants' Motion Filed July 6, 2010, to
Vacate Arbitrator's Final Award and Granting Respondents' Request
for Confirmation of Arbitration Award (**Order**), filed on August
31, 2010 in the Circuit Court of the First Circuit (**Circuit
Court**).[1]

ORI raises a single point of error on appeal,
contending that the Circuit Court erred when it failed to vacate
the subject arbitration award based on the public policy
exception to the general deference given arbitration awards.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to

---

[1] The Honorable R. Mark Browning presided.

the arguments advanced and the issues raised by the parties, we resolve ORI's point of error as follows:

> The public policy exception requires a court to determine that (1) the award would violate some explicit public policy that is well defined and dominant, and that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests, and (2) the violation of the public policy is clearly shown. Hence, a refusal to enforce an arbitration award must rest on more than speculation or assumption.

United Public Workers, Local 646 v. County of Hawai'i, __ Hawai'i __, 264 P.3d 655, 660 (App. 2011) (brackets omitted), *quoting* Inlandboatmen's Union of the Pac., Hawai'i Region, Marine Div. of Int'l Longshoremen's & Warehousemen's Union v. Sause Bros., Inc., 77 Hawai'i 187, 193-94, 881 P.2d 1255, 1261-62 (App. 1994).

Even assuming (without determining) that the public policy barring recovery by unlicensed contractors fits the Inlandboatmen's Union parameters of a well-defined and dominant public policy, ORI fails to clearly show a violation of that public policy.

ORI's principal argument is premised on ORI's assertion that an unlicensed general contractor, Building Tech (**Building Tech**), subcontracted with Respondent-Appellee Kasan Construction Corp. (**Kasan**), a licensed "B" contractor. ORI argues that, under HRS § 444-22 (1993), all licensed or unlicensed subcontractors of an unlicensed contractor are prohibited from recovering for work performed. However, the arbitrator did not accept ORI's argument that Kasan acted as a subcontractor for Building Tech with respect to the subject work. Instead, the arbitrator found that Building Tech was at all relevant times acting as and within the scope of its authority as ORI's authorized agent. Thus, any contract between Building Tech and Kasan was not one between a contractor and a subcontractor, but rather between ORI, through

2

its agent Building Tech, and Kasan as a contractor.[2/] The arbitrator's rejection of ORI's claim that Kasan was a subcontractor of Building Tech is fatal to ORI's claim that Kasan cannot obtain a mechanic's lien, or recover payment for work it performed within its license, because it is a subcontractor of an unlicensed contractor.

Although ORI argues, and the arbitrator found, that Kasan hired unlicensed subcontractors, the record does not clearly show that the arbitrator's award includes an award to Kasan for work performed by unlicensed contractors (and ORI does not identify any such findings in the arbitration award). In the award, the arbitrator stated that the issue before him was: "How much, if any, is owed to Kasan by ORI on its remaining unpaid claims resulting from licensed work which Kasan performed on the Project pursuant to contracts[.]" (emphasis added).

ORI also claims that, if Kasan contracted with ORI, then Kasan failed to provide disclosures required by HRS § 444-25.5 (Supp. 2010) and, therefore, Kasan is barred from obtaining a mechanic's lien. Under HRS § 444-25.5 and 808 Development, LLC v. Murakami, 111 Hawai'i 349, 361, 141 P.3d 996, 1008 (2006), when a contractor fails to provide disclosures to a homeowner, the contractor is barred from obtaining a mechanic's lien. However, ORI has not identified where in the arbitration award it was determined to be a homeowner under HRS § 444-25.5. Under HRS § 444-25.5(c), homeowner means "the owner or lessee of residential real property, including owners or lessees of condominium or cooperative units." ORI contends that it met the definition of a homeowner because the statute "does not limit homeowners to natural persons, and contemplates owners of multiple units and multiple dwelling units." However, having

---

[2/] ORI also points to a Consent Decree that specifies that Building Tech acted as contractor without a license. However, the scope of Building Tech's actions were not stated in the Consent Decree and the arbitrator ruled that the Consent Decree is not binding on Kasan.

rejected this defense to Kasan's claims, it appears that the arbitrator rejected ORI's factual and/or legal arguments that it was a homeowner within the meaning of HRS § 444-25.5(c).

In reviewing arbitration awards, the Hawai'i Supreme Court has stated:

> [B]ecause of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators have broad discretion in resolving the dispute. Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.

Schmidt v. Pacific Benefit Srvs., Inc., 113 Hawai'i 161, 165-66, 150 P.3d 810, 814-15 (2006) (citing Daiichi Hawai'i Real Estate Corp. v. Lichter, 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2003)). Here, ORI assumed the hazards of the arbitration process, including the arbitrator's refusal to bar Kasan's claim for a mechanic's lien, based on ORI's assertion that it was a homeowner within the meaning of HRS § 444-25.5(c) and therefore entitled to the disclosures identified therein.

For these reasons, we affirm the Circuit Court's August 31, 2010 Order Denying Applicants' Motion Filed July 6, 2010, to Vacate Arbitrator's Final Award and Granting Respondents' Request for Confirmation of Arbitration Award.

DATED: Honolulu, Hawai'i, January 17, 2012.

On the briefs:

Gerald S. Clay
Scott I. Batterman
(Clay Chapman Iwamura Pulice
   & Nervell)
for Applicants-Appellants

Steven K. Hisaka
David H. Karlen
(Hisaka Yoshida & Cosgrove)
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge